# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYO OLUGBOYEGA OGUNBANKE,<br><br>Petitioner,<br><br>v.<br><br>CRAIG APKER,<br><br>Respondent. | Case No.: 1:17-cv-01085-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution in Taft, California. He has filed the instant petition pursuant to 28 U.S.C. § 2241 challenging his conviction for illegal reentry and the removal order issued by the immigration court. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

## BACKGROUND

On March 5, 1999, Petitioner was convicted in Las Vegas, Nevada, of commercial burglary and felony forgery of credit card under Nevada Revised Statutes ("NRS") § 205.740. Ogunbanke v. Warden, Case No. 2:12-cv-10211-GHK (C.D. Cal. 2012), ECF No. 1 at 10.[1] Thereafter, Petitioner

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

1  was taken into custody by the Bureau of Immigration and Customs Enforcement for commencement
2  of removal proceedings. Id. at 10. Petitioner applied for Lawful Permanent Resident Cancellation of
3  Removal, but the immigration judge determined he was a convicted aggravated felon and therefore
4  ineligible for cancellation of removal. Id. at 10. Petitioner was removed but reentered the United
5  States. He was charged with illegal reentry pursuant to 8 U.S.C. § 1326 and pled *nolo contendere* on
6  July 2, 2012. Prior to November 29, 2012, Petitioner's attorney advised him that there was an
7  unresolved issue whether his conviction for violating NRS 205.740 qualified as an aggravated felony.
8  Id. at 10. Counsel stated that if the conviction was not an aggravated felony, then he was wrongfully
9  denied the opportunity for cancellation of removal. Id. at 10. Counsel advised Petitioner he had an
10 argument for reopening his removal hearing to request cancellation of removal if in fact the forgery
11 conviction was not an aggravated felony. Id. at 10-11.

On November 29, 2012, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central District of California. Id. Petitioner challenged due process violations allegedly committed during the deportation proceedings. The petition was construed as a motion to vacate pursuant to 28 U.S.C. § 2255. Id. Subsequently, on March 15, 2013, Petitioner filed a § 2255 motion in the same court. Ogunbanke v. United States, Case No. 2:13-cv-01896-GHK. The two cases were then consolidated. On August 2, 2013, the motion was withdrawn by Petitioner because he did not wish to waive his attorney-client privilege. See Case No. 2:12-cv-10211-GHK, ECF No. 15.

On November 3, 2014, Petitioner filed a motion to vacate pursuant to § 2255 in the Central District. Ogunbanke v. United States, Case No. 2:14-cv-08498-GHK. Petitioner raised claims of ineffective assistance of counsel concerning the illegal reentry conviction. Id., ECF No. 1. He alleged counsel failed to inform him that his forgery conviction under NRS 205.740 was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). Id., ECF No. 1 at 6. He claimed the forgery offense could not be used as a basis for removal, his removal in 1999 was fundamentally unfair, and he could not

---

(9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

thereafter be convicted of illegal reentry. Id., ECF No. 1 at 7. On January 5, 2015, the Central District denied the motion with prejudice finding that the motion was untimely and that he had not made a sufficient showing that he was actually innocent of the illegal reentry charge. Id., ECF No. 8.

On September 1, 2016, Petitioner filed a motion to set aside judgment in the § 2255 case pursuant to Fed. R. Civ. P. Rule 60(b)(4), (6). Id., ECF No. 10. Petitioner again argued that he was actually innocent of the illegal reentry charge because the underlying deportation order was void insofar as it was based on a forgery conviction that did not qualify as an aggravated felony. Id., ECF No. 10. He argued that there had been an intervening change in the law, citing Mathis v. United States, 136 S.Ct. 2243 (2016), United States v. Guzman-Ibarez, 792 F.3d 1094 (9th Cir. 2015), and United States v. Ubaldo-Figueroa, 364 F.3d 1042 (9th Cir. 2004). In Mathis, the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense in the Armed Career Criminal Act if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. Id. In Guzman-Ibarez, the Ninth Circuit reviewed whether the immigration judge had properly applied the Illegal Immigration Reform and Immigrant Responsibility Act's (IIRIRA's) amended definition of "aggravated felony" to an alien in finding that he was deportable as having been convicted of an "aggravated felony." 792 F.3d 1094. The Ninth Circuit held that the immigration judge had violated the alien's due process rights and remanded the matter to the district court. Id. In Ubaldo-Figueroa, the Ninth Circuit vacated a district court's denial of an alien's collateral attack against his removal proceedings. 364 F.3d 1042. Ubaldo-Figueroa had filed a motion to dismiss the indictment because the removal order was obtained in violation of his due process rights. Id. at 1047. The Ninth Circuit agreed with Ubaldo-Figueroa and reversed his conviction for illegal reentry, ruling that the underlying deportation order could not be used as the basis for the conviction. Id. at 1051.

On October 3, 2016, the Central District Court denied Petitioner's Rule 60(b) motion. Case No. 2:14-cv-08498-GHK, ECF No. 52. The court found that the motion was a disguised § 2255 motion, and that the motion was another attempt to obtain relief on the merits that had been addressed and denied in the prior § 2255 proceeding. Id. The motion was denied. Id. Petitioner appealed to the

Ninth Circuit, and on November 21, 2016, the Ninth Circuit denied the appeal, finding, inter alia, that "jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." Id., ECF No. 55.

On August 14, 2017, Petitioner filed the instant habeas petition pursuant to § 2241. He again challenges his conviction for illegal reentry based on the allegedly faulty indictment in his removal proceedings.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or

4

because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an "inadequate and ineffective" remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an "unobstructed procedural shot" at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Central District of California, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 or a motion challenging the indictment in the Central District of California, not a habeas petition pursuant to § 2241 in this Court.  Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective.  Petitioner's argument is unavailing, because he has had multiple unobstructed procedural opportunities to present his claim, and he does not present a claim of actual innocence.

First, Petitioner has had several opportunities to present his claim to the sentencing court.  He has in fact filed two previous § 2255 motions, as well as a Rule 60(b) motion to set aside judgment. The factual basis for his claim, *to wit*, that the indictment was faulty because the removal proceeding was fundamentally unfair, was the same factual basis in the prior motions to the sentencing court. Petitioner attempts to circumvent these rulings by recharacterizing his claim as based on new law. However, this is a thinly disguised attempt to attack his conviction on the same basis as before. Moreover, the decision he now cites as basis for his claim, Moreno-Avedano v. Lynch, 629 Fed.Appx. 807 (9th Cir. 2015), was filed on November 2, 2015.  Moreno-Avedano was issued prior to Petitioner's September 1, 2016, motion to set aside judgment, wherein he cited the 2016 decision in Mathis, supra, 2016 WL 3434400.  Thus, the factual basis for his claim was presented in prior motions, and the legal basis for his claim arose, at the latest, prior to his Rule 60(b) motion to set aside

judgment. In fact, Petitioner's attorney advised him of the basis for his claim by letter prior to his November 29, 2012, § 2241 filing. November 29, 2012. Petitioner has not shown that he was precluded from presenting his claims in his prior motions, and in fact, he has presented the same challenges in those prior motions. Therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 on the basis of actual innocence. The Central District has already considered and rejected his claims of actual innocence, and the Ninth Circuit has affirmed the Central District's decision. See Case No. 2:14-cv-08498-GHK, ECF Nos. 52, 55.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction. Petitioner's remedies lie with the immigration court, Board of Immigration Appeals, and/or the U.S. District Court for the Central District of California.

**ORDER**

The Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten <u>court</u> days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order

1 | of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **August 28, 2017**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE